IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

GUSTAVO GARCIA,
and all others similarly situated under
29 U.S.C. §216(b),

    Plaintiff(s),

vs.

GREENE KLEEN OF SOUTH FLORIDA, INC.,
CIRA FIGUEROA, individually, and
ANTHONY FIGUEROA, individually,

    Defendants.
_____/

## COMPLAINT

*Collective Action Pursuant to 29 U.S.C. §216(b)*

Plaintiff GUSTAVO GARCIA ("Plaintiff"), by and through undersigned counsel and on behalf of himself and all those similarly situated, hereby files this Complaint against GREENEE KLEEN OF SOUTH FLORIDA, INC. ("Greene Kleen"), CIRA FIGUEROA ("Cira"), individually, and ANTHONY FIGUEROA ("Anthony"), individually (collectively hereinafter "Defendants") and alleges as follows:

### Introduction

1. This is an action by Plaintiff against Defendants for damages in connection to claims for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

1 | P a g e

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

2. Plaintiff seeks money damages, reasonable attorneys' fees and costs, and all other remedies, including injunctive relief, allowable by law.

## Parties, Jurisdiction and Venue

3. Plaintiff is a former employee of Defendants and at all material times resided in Miami-Dade County, Florida.

4. Defendant Greene Kleen, a for-profit corporation operating out of Miami-Dade County, Florida, was at all material times authorized to conduct its for-profit business in Florida and it is otherwise *sui juris*.

5. Defendant Cira was at all times material hereto a co-owner and co-operator of the corporate Defendant for the relevant time period. Defendant Cira ran or otherwise oversaw the day-to-day operations of the corporate Defendant, was involved in establishing the business of the corporate Defendant, had supervisory authority over Plaintiff, was partially or totally responsible for paying Plaintiff's wages, and had the power to separate Plaintiff from his employment.

6. Defendant Anthony was at all times material hereto a co-owner and co-operator of the corporate Defendant for the relevant time period. Defendant Anthony ran or otherwise oversaw the day-to-day operations of the corporate Defendant, was involved in establishing the business of the corporate Defendant, had supervisory authority over Plaintiff, was partially or totally responsible for paying Plaintiff's wages, and had the power to separate Plaintiff from his employment.

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

7. Defendants were Plaintiff's direct employers, joint employers, and co-employers based on the running of the operation, financials, and control of employees like Plaintiff.

8. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

9. All conditions precedent to this action have been satisfied by Plaintiff, waived by Defendants, or occurred.

A. **Plaintiff's Employment With Defendants.**

10. Plaintiff began working for Defendants during 2019.

11. During the entirety of his employment with Defendants, Plaintiff worked in a non-exempt maintenance position.

12. Plaintiff, at all material times, was paid an hourly rate of $11.50.

13. Plaintiff worked for Defendants until his separation on February 3, 2022.

14. During his employment, Plaintiff solely worked for Defendants and no other entity or business.

15. During his employment, Plaintiff had to adhere to Defendants' rules, policies, and procedures.

16. During his employment, Plaintiff's schedules and working periods were set by Defendants.

PERERA ALEMÁN, PA
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

17. During Plaintiff's employment, he routinely worked beyond forty (40) hours per week but Defendants only paid Plaintiff overtime wages on two pay periods out of dozens and dozens of pay periods where overtime hours were worked.

B. **Defendants' Business and Interstate Commerce**

18. The primary purpose of Greene Kleen is to provide janitorial services to commercial clients.

19. Under information and belief, Plaintiff alleges that Greene Kleen's gross annual revenue exceeded $500,000.00 during 2019, 2020, and 2021.

20. Greene Kleen customarily and regularly bought and sold goods and services that crossed state lines.

21. At all relevant times, Greene Kleen employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

22. Upon information and belief, Greene Kleen obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

PERERA ALEMÁN, PA
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

23. Greene Kleen, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

24. Greene Kleen is an employer engaged in interstate commerce and subject to the FLSA.

25. As such, Greene Kleen must be considered Plaintiff's employer as the term employer is defined by 29 U.S.C. § 203.

C. **Cira and Anthony Figueroa's Employment of, and Failure to Properly Pay, Plaintiff**

26. During the relevant period, Cira was co-owner and co-operator of Defendant Greene Kleen. Defendant Cira holds herself out as a corporate office of Greene Kleen on the corporate documents filed with the State of Florida.

27. During the relevant period, Anthony was co-owner and co-operator of Defendant Greene Kleen. Defendant Anthony holds herself out as the "President" of Greene Kleen on the corporate documents filed with the State of Florida.

28. During the relevant period, Cira and Anthony Figueroa was Plaintiff's co-manager/supervisor during his employment.

29. During Plaintiff's employment, Cira and Anthony Figueroa provided Plaintiff with his work duties, gave feedback on the work Plaintiff performed for Defendants, had the ability to discipline Plaintiff, were responsible for recording, calculating, and paying Plaintiff's work hours.

PERERA ALEMÁN, PA
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

30. During the relevant period, Cira and Anthony Figueroa was in control of the finances that were utilized to pay Plaintiff's wages and had the responsibility, in full or in part, of ensuring those wages were paid timely and correctly.

31. Cira and Anthony Figueroa, despite knowledge of Plaintiff's overtime hours, failed to compensate Plaintiff fully and properly.

32. Cira and Anthony Figueroa intentionally refused to pay Plaintiff overtime wages he was owed under the.

33. Cira and Anthony Figueroa must be considered Plaintiff's employers, joint employers, or co-employers for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

### D. **Defendants' Illegal Payment Practices Affected All Other Similarly Situated Employees.**

34. Defendants employ many other Maintenance Workers that performed duties in the same or similar fashion as Plaintiff.

35. Defendants employ many other Maintenance Workers that were paid in a same or similar fashion as Plaintiff.

36. Defendants employ many other Maintenance Workers that customarily and regularly performed overtime work for which they were not compensated fully.

37. Maintenance Workers for Defendants have worked over forty (40) hours a week during the last three (3) years without being paid at a proper time-and-a-half their regular rate of pay for all overtime hours worked.

PERERA ALEMÁN, PA
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## COUNT I
## <u>OVERTIME VIOLATION BY GREENE KLEEN OF SOUTH FLORIDA, INC. UNDER THE FAIR LABOR STANDARDS ACT</u>

38. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if fully set forth herein.

39. As part of its business, Greene Kleen purchased goods and materials that traveled through interstate commerce.

40. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

41. Upon information and belief, Greene Kleen obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

42. Greene Kleen, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant time period.

43. During his employment with Greene Kleen, Plaintiff worked overtime hours for which he was not compensated at a rate of no less than one-and-one-half his regular rate of pay as required by the FLSA.

44. Greene Kleen did not properly compensate Plaintiff for his overtime despite knowledge of the overtime hours Plaintiff worked.

7 | Page

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

45. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

46. In addition, Greene Kleen is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Greene Kleen under the FLSA;

b. Award Plaintiff actual damages for the unpaid overtime wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II
### OVERTIME VIOLATIONS AGAINST CIRA FIGUEROA UNDER THE FAIR LABOR STANDARDS ACT

47. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if fully set forth herein.

48. Cira operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

49. Cira scrutinized Plaintiff's work and controlled how Plaintiff did his job.

50. During Plaintiff's employment with Defendants, Plaintiff worked for Defendants over 40 hours per week.

51. During his employment with Defendants, Plaintiff worked overtime hours for which he was not compensated at a rate of no less than one-and-one-half his regular rate of pay as required by the FLSA.

52. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

53. Cira did not compensate Plaintiff for his overtime despite her knowledge of the overtime hours Plaintiff worked and Plaintiff's multiple complaints to her regarding the lack of overtime wages.

54. Cira is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of her intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a. Enter judgment for Plaintiff against Cira under the FLSA;

    b. Award Plaintiff actual damages for the unpaid wages;

    c. Award Plaintiff liquidated damages;

    d. Award Plaintiff his attorneys' fees and costs;

    e. Award Plaintiff all recoverable interest; and

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

  f. Award any other relief this Honorable Court deems just and proper.

## COUNT III
## OVERTIME VIOLATIONS AGAINST ANTHONY FIGUEROA UNDER THE FAIR LABOR STANDARDS ACT

55. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if fully set forth herein.

56. Anthony operated the day-to-day activities of Defendants' business, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

57. Anthony scrutinized Plaintiff's wages and controlled the method and the amounts Plaintiff was paid for his job.

58. During Plaintiff's employment with Defendants, Plaintiff worked for Defendants over 40 hours per week.

59. During his employment with Defendants, Plaintiff worked overtime hours for which he was not compensated at a rate of no less than one-and-one-half his regular rate of pay as required by the FLSA.

60. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

61. Anthony did not compensate Plaintiff for his overtime despite his knowledge of the overtime hours Plaintiff worked.

62. Anthony is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his

10 | P a g e

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Anthony under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT IV
## COLLECTIVE ACTION AGAINST GREENE KLEEN OF SOUTH FLORIDA, INC. FOR UNPAID OVERTIME WAGES UNDER THE FLSA

63. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1 through 37 above as if fully set forth herein.

64. Greene Kleen's pattern and practice of depriving workers of overtime compensation required by the FLSA extended to all Maintenance Workers.

65. Maintenance Workers throughout have all been subject to the very same unlawful payment practices as Plaintiff.

66. Greene Kleen employed dozens other Maintenance Workers during the relevant period.

11 | P a g e

PERERA ALEMÁN, PA
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

67. Maintenance Workers for Greene Kleen have worked over forty (40) hours a week during the last three (3) years without being paid at time-and-a-half their regular rate of pay for the overtime hours worked.

68. Other similarly situated Maintenance Workers of Greene Kleen were also deprived overtime compensation at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter an order certifying this case as a collective action;

b. Enter judgment against Greene Kleen under the FLSA;

c. Award all similarly situated opt-in plaintiffs actual damages for the unpaid wages;

d. Award all similarly situated opt-in plaintiffs liquidated damages;

e. Award attorneys' fees and costs;

f. Award all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

## COUNT V
## COLLECTIVE ACTION AGAINST CIRA FIGUEROA FOR UNPAID OVERTIME WAGES UNDER THE FLSA

69. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if fully set forth herein.

70. Cira operated the day-to-day activities of Defendants' business, had supervisory authority over Maintenance Workers, had control/access to records

12 | Page

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

for work hours and pay, and was partially or totally responsible for paying Maintenance Workers during the relevant period.

71. Cira scrutinized the work of Maintenance Workers during the relevant period and controlled how they did their jobs.

72. During the relevant period, Maintenance Workers consistently worked over 40 hours per week for Defendants.

73. During their employment with Defendants, Maintenance Workers worked overtime hours for which they were not compensated at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

74. Maintenance Workers are owed unpaid overtime compensation pursuant to the FLSA.

75. Cira did not compensate Maintenance Workers for their overtime despite knowledge of the overtime hours these Maintenance Workers worked.

76. Cira is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of her intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a. Enter judgment for Maintenance Workers against Cira under the FLSA;

    b. Award Maintenance Workers actual damages for the unpaid overtime wages;

13 | Page

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

    c.    Award Maintenance Workers liquidated damages;

    d.    Award attorneys' fees and costs;

    e.    Award all recoverable interest; and

    f.    Award any other relief this Honorable Court deems just and proper.

## COUNT VI
## COLLECTIVE ACTION AGAINST ANTHONY FIGUEROA FOR UNPAID OVERTIME WAGES UNDER THE FLSA

77. Plaintiff re-allege and incorporate by reference the allegations in paragraphs 1 through 37 above as if fully set forth herein.

78. Anthony operated the day-to-day activities of Defendants' business, had supervisory authority over Maintenance Workers, had control/access to records for work hours and pay, and was partially or totally responsible for paying Maintenance Workers during the relevant period.

79. Anthony scrutinized the work of Maintenance Workers during the relevant period and controlled how they did their jobs.

80. During the relevant period, Maintenance Workers consistently worked over 40 hours per week for Defendants.

81. During their employment with Defendants, Maintenance Workers worked overtime hours for which they were not compensated at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

82. Maintenance Workers are owed unpaid overtime compensation pursuant to the FLSA.

14 | P a g e

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

83. Anthony did not compensate Maintenance Workers for their overtime despite knowledge of the overtime hours the Maintenance Workers worked.

84. Anthony is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Maintenance Workers against Anthony under the FLSA;

b. Award Maintenance Workers actual damages for the unpaid overtime wages;

c. Award Maintenance Workers liquidated damages;

d. Award attorneys' fees and costs;

e. Award all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: July 22, 2022

Respectfully submitted,

*/s/ J. Freddy Perera*
J. Freddy Perera, Esq.

15 | P a g e

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

          Florida Bar No. 93625
          freddy@pba-law.com
          Brody M. Shulman, Esq.
          Florida Bar No. 92044
          brody@pba-law.com

          **PERERA ALEMÁN, P.A.**
          12505 Orange Drive
          Suite 908
          Davie, Florida 33330
          Phone: 786.485.5232
          *Attorneys for Plaintiff*

16 | P a g e

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232