IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-22306-JEM

GUSTAVO GARCIA,
and all others similarly situated under
29 U.S.C. §216(b),

    Plaintiff(s),

vs.

GREENE KLEEN OF SOUTH FLORIDA, INC.,
CIRA FIGUEROA, individually, and
ANTHONY FIGUEROA, individually,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, CIRA FIGUEROA ("Ms. Figueroa") and ANTHONY FIGUEROA ("Mr. Figueroa") (together, "Defendants") by and though undersigned counsel, hereby respond to the numbered paragraphs of the Complaint filed by Plaintiff GUSTAVO GARCIA and assert affirmative defenses thereto:

Defendants deny each and every allegation of the Complaint except as may be specifically admitted, qualified, or otherwise answered below. Defendants further state as follows:

### INTRODUCTION

1. This is an action by Plaintiff against Defendants for damages in connection to claims for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

**ANSWER**: **Defendants admit only that Plaintiff purports to bring an action under 29 U.S.C. §§ 201** *et seq*. **Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.**

2. Plaintiff seeks money damages, reasonable attorneys' fees and costs, and all other remedies, including injunctive relief, allowable by law.

**ANSWER**: **Defendants admit that Plaintiff is seeking money damages, attorneys' fees and injunctive relief, but deny any and all liability and wrongdoing, and deny that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.**

## PARTIES JURIDICTION AND VENUE

3. Plaintiff is a former employee of Defendants and at all material times resided in Miami-Dade County, Florida.

**ANSWER**: **Defendants admit that Plaintiff was formerly employed by Defendant Greene Kleen of South Florida, Inc. ("Green Kleen"). Defendants are without knowledge or information regarding Plaintiff's place of residence, and therefore, deny the remaining allegations in Paragraph 3.**

4. Defendant Greene Kleen, a for-profit corporation operating out of Miami-Dade County, Florida, was at all material times authorized to conduct its for-profit business in Florida and it is otherwise *sui juris*.

**ANSWER**: **Defendants admit that Greene Kleen is a Florida corporation with its principal place of business in Miami-Dade County, Florida.**

5. Defendant Cira was at all times material hereto a co-owner and co-operator of the corporate Defendant for the relevant time period. Defendant Cira ran or otherwise oversaw the day-to-day operations of the corporate Defendant, was involved in establishing the business of the corporate Defendant, had supervisory authority over Plaintiff, was partially or totally responsible for paying Plaintiff's wages, and had the power to separate Plaintiff from his employment.

**ANSWER**: **Defendants admit that Cira Figueroa is the owner and operator of Greene Kleen and had the authority to separate employees from their employment. Defendants admit that Cira Figueroa was involved in running Greene Kleen and in establishing Greene Kleen. Defendants deny the remaining allegations in Paragraph 5.**

6. Defendant Anthony was at all times material hereto a co-owner and co-operator of the corporate Defendant for the relevant time period. Defendant Anthony ran or otherwise oversaw the day-to-day operations of the corporate Defendant, was involved in establishing the business of the corporate Defendant, had supervisory authority over Plaintiff, was partially or totally responsible for paying Plaintiff's wages, and had the power to separate Plaintiff from his employment.

**ANSWER**: **Denied.**

7. Defendants were Plaintiff's direct employers, joint employers, and co-employers based on the running of the operation, financials, and control of employees like Plaintiff.

**ANSWER**: **Defendants admit that Greene Kleen employed Plaintiff. Defendants deny the remaining allegations in Paragraph 7.**

8. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

**ANSWER**: **The allegations in Paragraph 8 state legal conclusions to which a response is not required. To the extent a response is deemed to be required, Defendants deny those allegations. Furthermore, Defendants deny that Defendants or Greene Kleen engaged in any unlawful employment practices.**

9. All conditions precedent to this action have been satisfied by Plaintiff, waived by Defendants, or occurred.

**ANSWER: The allegations in Paragraph 9 state legal conclusions to which a response is not required. To the extent a response is deemed to be required, Defendants deny those allegations.**

A. **Plaintiff's Employment With Defendants.**

10. Plaintiff began working for Defendants during 2019.

**ANSWER**: **Denied. Plaintiff began working for Greene Kleen in 2020.**

11. During the entirety of his employment with Defendants, Plaintiff worked in a non-exempt maintenance position.

**ANSWER**: **Denied.**

12. Plaintiff, at all material times, was paid an hourly rate of $11.50.

**ANSWER**: **Denied.**

13. Plaintiff worked for Defendants until his separation on February 3, 2022.

**ANSWER**: **Denied.**

14. During his employment, Plaintiff solely worked for Defendants and no other entity or business.

**ANSWER**: **Defendants are without knowledge or information regarding the allegations in Paragraph 14, and therefore, deny them.**

15. During his employment, Plaintiff had to adhere to Defendants' rules, policies, and procedures.

**ANSWER**: **Defendants admit that it maintains rules, policies and procedures that all employees must follow.**

16. During his employment, Plaintiff's schedules and working periods were set by Defendants.

**ANSWER**: **Defendants admit that Plaintiff's schedule was set by a Greene Kleen manager. Defendants deny the remaining allegations in Paragraph 16.**

17. During Plaintiff's employment, he routinely worked beyond forty (40) hours per week but Defendants only paid Plaintiff overtime wages on two pay periods out of dozens and dozens of pay periods where overtime hours were worked.

**ANSWER**: **Denied.**

B.  **Defendants' Business and Interstate Commerce**

18. The primary purpose of Greene Kleen is to provide janitorial services to commercial clients.

**ANSWER**: **Defendants admit that Greene Kleen provides janitorial services to commercial clients.**

19. Under information and belief, Plaintiff alleges that Greene Kleen's gross annual revenue exceeded $500,000.00 during 2019, 2020, and 2021.

**ANSWER**: **Admitted.**

20. Greene Kleen customarily and regularly bought and sold goods and services that crossed state lines.

**ANSWER**: **Defendants are without knowledge or information regarding the allegations in Paragraph 20, and therefore, deny them.**

21. At all relevant times, Greene Kleen employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

**ANSWER**: **Defendants are without knowledge or information regarding the allegations in Paragraph 21, and therefore, deny them.**

22. Upon information and belief, Greene Kleen obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

**ANSWER**: **Defendants admit that Greene Kleen has used telephonic and/or electronic transmissions to communicate over state lines. Defendants deny the remaining allegations in Paragraph 22.**

23.     Greene Kleen, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

**ANSWER**: **Defendants admit that Greene Kleen has received payments from banks outside of Florida.**

24.     Greene Kleen is an employer engaged in interstate commerce and subject to the FLSA.

**ANSWER**: **Defendants admit that Greene Kleen is subject to the Fair Labor Standards Act. The remaining allegations in Paragraph 24 are legal conclusions to which a response is not required.**

25.     As such, Greene Kleen must be considered Plaintiff's employer as the term employer is defined by 29 U.S.C. § 203.

**ANSWER: Defendants admit that Greene Kleen employed Plaintiff. The remaining allegations in Paragraph 25 are legal conclusions to which a response is not required.**

C.     <u>Cira and Anthony Figueroa's Employment of, and Failure to Properly Pay, Plaintiff</u>

26.     During the relevant period, Cira was co-owner and co-operator of Defendant Greene Kleen. Defendant Cira holds herself out as a corporate office [sic] of Greene Kleen on the corporate documents filed with the State of Florida.

**ANSWER**: **Defendants admit that Cira Figueroa is the owner and operator of Greene Kleen, and that Cira Figueroa is listed as Greene Kleen's owner and registered agent on Greene Kleen's most recent annual report filed with the State of Florida. Defendants deny the remaining allegations in Paragraph 26.**

27. During the relevant period, Anthony was co-owner and co-operator of Defendant Greene Kleen. Defendant Anthony holds herself [sic] out as the "President" of Greene Kleen on the corporate documents filed with the State of Florida.

**ANSWER**: **Defendants admit that Anthony Figueroa is listed as Greene Kleen's president on Greene Kleen's most recent annual report filed with the State of Florida. Defendants denies the remaining allegations in Paragraph 27.**

28. During the relevant period, Cira and Anthony Figueroa was Plaintiff's co-manager/supervisor during his employment.

**ANSWER**: **Denied.**

29. During Plaintiff's employment, Cira and Anthony Figueroa provided Plaintiff with his work duties, gave feedback on the work Plaintiff performed for Defendants, had the ability to discipline Plaintiff, were responsible for recording, calculating, and paying Plaintiff's work hours.

**ANSWER**: **Denied.**

30. During the relevant period, Cira and Anthony Figueroa was in control of the finances that were utilized to pay Plaintiff's wages and had the responsibility, in full or in part, of ensuring those wages were paid timely and correctly.

**ANSWER**: **Defendants admit that Cira Figueroa had control of Greene Kleen's finances. Defendants deny the remaining allegations in Paragraph 30.**

31. Cira and Anthony Figueroa, despite knowledge of Plaintiff's overtime hours, failed to compensate Plaintiff fully and properly.

**ANSWER**: **Denied.**

32. Cira and Anthony Figueroa intentionally refused to pay Plaintiff overtime wages he was owed under the.

**ANSWER**: **Denied.**

33. Cira and Anthony Figueroa must be considered Plaintiff's employers, joint employers, or co-employers for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

**ANSWER**: **The allegations in Paragraph 33 state legal conclusions to which a response is not required. To the extent a response is deemed to be required, Defendants deny those allegations.**

D. **Defendants' Illegal Payment Practices Affected All Other Similarly Situated Employees.**

34. Defendants employ many other Maintenance Workers that performed duties in the same or similar fashion as Plaintiff.

**ANSWER**: **Defendants deny that Greene Kleen employs any maintenance workers.**

35. Defendants employ many other Maintenance Workers that were paid in a same or similar fashion as Plaintiff.

**ANSWER**: **Defendants deny that Greene Kleen employs any maintenance workers.**

36. Defendants employ many other Maintenance Workers that customarily and regularly performed overtime work for which they were not compensated fully.

**ANSWER**: **Defendants deny that Greene Kleen employs any maintenance workers. Defendants further deny that Defendants or Greene Kleen failed properly to compensate any employee for overtime work.**

37. Maintenance Workers for Defendants have worked over forty (40) hours a week during the last three (3) years without being paid at a proper time- and-a-half their regular rate of pay for all overtime hours worked.

**ANSWER**: **Defendants deny that Greene Kleen employs any maintenance workers. Defendants further deny that Defendants or Greene Kleen failed properly to compensate any employee for overtime work.**

## COUNT I
## OVERTIME VIOLATION BY GREENE KLEEN OF SOUTH FLORIDA, INC. UNDER THE FAIR LABOR STANDARDS ACT

The allegations in Count I are not asserted against Ms. Figueroa or Mr. Figueroa, so no response from Defendants is due. To the extent any response from Defendants is due, Defendants deny all allegations in Count I, deny all liability, and deny that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.

## COUNT II
## OVERTIME VIOLATIONS AGAINST CIRA FIGUEROA UNDER THE FAIR LABOR STANDARDS ACT

47. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1 through 37 above as if fully set forth herein.

**ANSWER**: **Ms. Figueroa restates and reasserts each and every response to Paragraphs 1 through 37, as if set forth fully herein.**

48. Cira operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

**ANSWER**: **Ms. Figueroa admits that she operated Greene Kleen, but denies the remaining allegations contained in Paragraph 48.**

49. Cira scrutinized Plaintiff's work and controlled how Plaintiff did his job.

**ANSWER**: **Denied.**

50. During Plaintiff's employment with Defendants, Plaintiff worked for Defendants over 40 hours per week.

**ANSWER**: **Denied.**

51. During his employment with Defendants, Plaintiff worked overtime hours for which he was not compensated at a rate of no less than one-and-one-half his regular rate of pay as required by the FLSA.

**ANSWER**: **Denied.**

52. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

**ANSWER**: **Denied.**

53. Cira did not compensate Plaintiff for his overtime despite her knowledge of the overtime hours Plaintiff worked and Plaintiff's multiple complaints to her regarding the lack of overtime wages.

**ANSWER**: **Denied.**

54. Cira is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of her intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**ANSWER**: **Denied.**

    **WHEREFORE,** Plaintiff respectfully requests that the Court:

        a. Enter judgment for Plaintiff against Cira under the FLSA;

        b. Award Plaintiff actual damages for the unpaid wages;

        c. Award Plaintiff liquidated damages;

        d. Award Plaintiff his attorneys' fees and costs;

        e. Award Plaintiff all recoverable interest; and

        f. Award any other relief this Honorable Court deems just and proper.

**ANSWER**: **The "WHEREFORE" clause, and all of its subparts, following Paragraph 54 of the Complaint contains no allegations of fact to which a response is required. To the extent any response may be necessary, Defendants deny any and all liability and wrongdoing, and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.**

## COUNT III
## OVERTIME VIOLATIONS AGAINST ANTHONY FIGUEROA UNDER THE FAIR LABOR STANDARDS ACT

55. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1 through 37 above as if fully set forth herein.

**ANSWER**: **Mr. Figueroa restates and reasserts each and every response to Paragraphs 1 through 37, as if set forth fully herein.**

56. Anthony operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

**ANSWER**: **Denied.**

57. Anthony scrutinized Plaintiff's wages and controlled the method and the amounts Plaintiff was paid for his job.

**ANSWER**: **Denied.**

58. During Plaintiff's employment with Defendants, Plaintiff worked for Defendants over 40 hours per week.

**ANSWER**: **Denied.**

59. During his employment with Defendants, Plaintiff worked overtime hours for which he was not compensated at a rate of no less than one-and-one-half his regular rate of pay as required by the FLSA.

**ANSWER**: **Denied.**

60. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

**ANSWER**: **Denied.**

61.     Anthony did not compensate Plaintiff for his overtime despite his knowledge of the overtime hours Plaintiff.

**ANSWER**: **Denied.**

62.     Anthony is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of her intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**ANSWER**: **Denied.**

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Anthony under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

**ANSWER**: **The "WHEREFORE" clause, and all of its subparts, following Paragraph 62 of the Complaint contains no allegations of fact to which a response is required. To the extent any response may be necessary, Defendants deny any and all liability and wrongdoing, and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.**

## COUNT IV
## <u>COLLECTIVE ACTION AGAINST GREENE KLEEN OF SOUTH FLORIDA, INC. FOR UNPAID OVERTIME WAGES UNDER THE FLSA</u>

The allegations in Count IV are not asserted against Ms. Figueroa or Mr. Figueroa, so no response from Defendants is due. To the extent any response from Defendants is due, Defendants deny all allegations in Count IV, deny all liability, and deny that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.

## COUNT V
## COLLECTIVE ACTION AGAINST CIRA FIGUEROA FOR UNPAID OVERTIME WAGES UNDER THE FLSA

69. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1 through 37 above as if fully set forth herein.

**ANSWER**: **Ms. Figueroa restates and reasserts each and every response to Paragraphs 1 through 37, as if set forth fully herein.**

70. Cira operated the day-to-day activities of Defendants' business, had supervisory authority over Maintenance Workers, had control/access to records for work hours and pay, and was partially or totally responsible for paying Maintenance Workers during the relevant period.

**ANSWER**: **Ms. Figueroa admits that she operated Greene Kleen, but denies the remaining allegations contained in Paragraph 70.**

71. Cira scrutinized the work of Maintenance Workers during the relevant period and controlled how they did their jobs.

**ANSWER**: **Denied.**

72. During the relevant period, Maintenance Workers consistently worked over 40 hours per week for Defendants.

**ANSWER**: **Denied.**

73. During their employment with Defendants, Maintenance Workers worked overtime hours for which they were not compensated at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

**ANSWER**: **Denied.**

74. Maintenance Workers are owed unpaid overtime compensation pursuant to the FLSA.

**ANSWER**: **Denied.**

75. Cira did not compensate Maintenance Workers for their overtime despite knowledge of the overtime hours these Maintenance Workers worked.

**ANSWER**: **Denied.**

76. Cira is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of her intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**ANSWER**: **Denied.**

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter judgment for Maintenance Workers against Cira under the FLSA;

b. Award Maintenance Workers actual damages for the unpaid wages;

c. Award Maintenance Workers liquidated damages;

d. Award attorneys' fees and costs;

e. Award all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

**ANSWER**: **The "WHEREFORE" clause, and all of its subparts, following Paragraph 76 of the Complaint contains no allegations of fact to which a response is required. To the extent any response may be necessary, Defendants deny any and all liability and wrongdoing, and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.**

## COUNT VI
## COLLECTIVE ACTION AGAINST ANTHONY FIGUEROA FOR UNPAID OVERTIME WAGES UNDER THE FLSA

77. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1 through 37 above as if fully set forth herein.

**ANSWER**: **Mr. Figueroa restates and reasserts each and every response to Paragraphs 1 through 37, as if set forth fully herein.**

78. Anthony operated the day-to-day activities of Defendants' business, had supervisory authority over Maintenance Workers, had control/access to records for work hours and pay, and was partially or totally responsible for paying Maintenance Workers during the relevant period.

**ANSWER**: **Denied.**

79. Anthony scrutinized the work of Maintenance Workers during the relevant period and controlled how they did their jobs.

**ANSWER**: **Denied.**

80. During the relevant period, Maintenance Workers consistently worked over 40 hours per week for Defendants.

**ANSWER**: **Denied.**

81. During their employment with Defendants, Maintenance Workers worked overtime hours for which they were not compensated at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

**ANSWER**: **Denied.**

82. Maintenance Workers are owed unpaid overtime compensation pursuant to the FLSA.

**ANSWER**: **Denied.**

83. Anthony did not compensate Maintenance Workers for their overtime despite knowledge of the overtime hours these Maintenance Workers worked.

**ANSWER**: **Denied.**

84. Anthony is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of her intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**ANSWER**: **Denied.**

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Maintenance Workers against Anthony under the FLSA;

b. Award Maintenance Workers actual damages for the unpaid wages;

c. Award Maintenance Workers liquidated damages;

d. Award attorneys' fees and costs;

e. Award all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

**ANSWER**: **The "WHEREFORE" clause, and all of its subparts, following Paragraph 84 of the Complaint contains no allegations of fact to which a response is required. To the extent any response may be necessary, Defendants deny any and all liability and wrongdoing, and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.**

## JURY DEMAND

Defendants deny that Plaintiff has set forth triable issues against Defendants or Greene Kleen for jury determination.

## AFFIRMATIVE DEFENSES

Defendants set forth the following affirmative defenses to Plaintiff's Complaint, and reserve the right to add additional affirmative defenses as this case proceeds:

### First Affirmative Defense

Plaintiff's and/or alleged similarly situated individuals' FLSA claim is barred in whole or in part by the applicable 2-year statute of limitations.

**Second Affirmative Defense**

During all or part of the applicable limitations period, Defendants and Greene Kleen acted in good faith and with reasonable grounds for believing that its acts or omissions were not in violation of the FLSA, and therefore cannot be held liable for liquidated damages under the FLSA.

**Third Affirmative Defense**

To the extent Plaintiff's and/or alleged similarly situated individuals worked any overtime hours for which Plaintiff's and/or alleged similarly situated individuals were not paid at the applicable or appropriate overtime rate, the amount owed is *de minimis*, and liability, therefore, cannot be established under the FLSA.

**Fourth Affirmative Defense**

To the extent Plaintiff and/or alleged similarly situated individuals worked overtime hours without the actual or constructive knowledge of Defendants or Greene Kleen, Plaintiff and/or alleged similarly situated individuals are not entitled to overtime compensation for any such overtime hours worked.

**Fifth Affirmative Defense**

To the extent Defendants or Greene Kleen are indebted to Plaintiff and/or alleged similarly situated individuals for any unpaid overtime compensation, the overtime must be calculated at half-time (one half the applicable rate of pay), as Plaintiff's and/or alleged similarly situated individuals' salary was intended and understood to cover all hours worked.

### Sixth Affirmative Defense

To the extent Defendants or Greene Kleen are indebted to Plaintiff and/or alleged similarly situated individuals for any unpaid overtime compensation, the extent of Greene Defendants' and/or Kleen's liability must be offset by the amounts paid or overpaid to Plaintiff and/or alleged similarly situated individuals during their employment.

### Seventh Affirmative Defense

Defendants reserve their right to seek to recover from Plaintiff, alleged similarly situated individuals, and/or Plaintiff's counsel reasonable attorneys' fees and costs in connection with Defendants' defense of this action.

**WHEREFORE**, Defendants demand judgment in their favor, together with their reasonable attorneys' fees and costs as provided by law, and such additional relief as the court deems just and proper.

Dated:  September 6, 2022             Respectfully submitted,
             Miami, Florida

*/s/ Paul Crucet*
Florida Bar No. 122169
E-Mail: pcrucet@stearnsweaver.com
STEARNS WEAVER MILLER,
 WEISSLER, ALHADEFF & SITTERSON, P.A.
150 West Flagler Street
Museum Tower, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile:  (305) 789-3395
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 6, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System. I further certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/Paul Crucet*_____
PAUL CRUCET, ESQ.

**SERVICE LIST**

J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pba-law.com
PERERA ALEMÁN, P.A.
12505 Orange Drive, Suite 908
Davie, Florida 33330
Phone: (786) 485-5232
*Attorneys for Plaintiff*